FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 8 2008
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
REGINALD T. JONES,

                              Petitioner,

      -against-

W.E. PHILLIPS, Superintendent of Greenhaven
Correctional Facility,

                              Respondent.
------------------------------------------------------------x

MEMORANDUM AND ORDER

03-CV-2115 (ENV)

VITALIANO, D.J.

      Reginald T. Jones petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jones contends, as he argued on direct appeal, that he was deprived of a fair trial as a result of (1) the trial court's Molineux ruling and (2) the People's proffer of evidence that extended even beyond the boundary of that erroneous ruling. Jones also contends that he was deprived of his right to be present at all material stages of trial because the trial court supplied the deliberating jury with exhibits and pencils in his absence. For the following reasons, the writ is denied and the petition for habeas corpus is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

      On November 22, 1997 in the Brooklyn apartment she shared with Jones, Sherry Roach, Jones's girlfriend and the mother of his two children, was murdered. Roach was shot six times with a semi-automatic, military assault rifle. At the time of the shooting, an order of protection, issued by the New York City Criminal Court, was in effect as a result of an open

---

[1] The procedural history and record facts in issue on this petition are essentially undisputed. For purposes of decision, where facts are disputed the Court accepts the petitioner's characterization of them.

1

misdemeanor complaint charging Jones with threatening Roach's life with a gun.

During the jury trial on various charges relating to the homicide, Roach's mother and sister testified that, in the months before the murder, Jones had beaten and threatened to kill Sherry Roach, and threatened them when they attempted to intervene. Additionally, two police officers testified that they were flagged down outside Jones's apartment the day of the murder and observed a pair of hands pressed against the window, as if someone were trying to open the window to get out. The officers also testified that, immediately thereafter, they heard six to eight gunshots and entered the apartment to find the fatally wounded Roach who told the officers that "Reginald Jones" had shot her. Jones, who the officers found watching television in a neighboring apartment, initially identified himself with an alias, but later revealed that he was "Reggie," and that he "did it." Also consistent was the medical examiner's findings that Roach died from six gunshot wounds to her arm, armpit, buttocks, lower leg, and inner thigh, inflicted by a gun that had been at least 18 inches from her at the time the shots were fired. Lastly, and powerfully, the evidence at trial also included Jones's statement to a detective that he had argued with Roach, that he had picked up a rifle and fired it at the wall, and that Roach had fallen. Jones's subsequent statement that he had not wanted to kill Roach was also presented.

On May 17, 1999, Jones was convicted of murder in the second degree, aggravated criminal contempt, and criminal possession of a weapon in the fourth degree. The Supreme Court, Kings County sentenced him on these counts to concurrent terms of imprisonment of 25 years to life, two and one-third to seven years, and one year, respectively.

Jones appealed to the Appellate Division, Second Department, claiming that the trial court's in limine ruling, pursuant to People v. Molineux, 168 N.Y. 264, 61 N.E. 286 (1901), had deprived him of a fair trial because it permitted the prosecution to introduce

excessive evidence of prior bad acts, including his abuse of and threats to kill Roach and her family. Jones also argued that the prosecution had introduced other similar evidence, although not authorized by the pre-trial ruling. On December 3, 2001, the Appellate Division affirmed Jones's conviction, holding:

> The defendant contends that he is entitled to reversal because of the admission of testimony relating to his prior bad acts against the decedent and her family (see, People v. Molineux, 168 N.Y. 264, 293). We disagree. The trial court's Ventimiglia ruling (see, People v. Ventimiglia, 52 N.Y.2d 350), struck a balance which allowed the People to use only six of the possible 11 prior bad acts of the defendant. The trial court properly found that these six incidents were probative. At trial, of the six permissible incidents, the People introduced evidence of only three. The defendant claims that the People went beyond the Ventimiglia ruling by introducing testimony concerning an incident which the trial court did not specifically deem probative.
>
> While there is evidence in the record to support the defendant's argument, any error was harmless in light of the overwhelming evidence of his guilt. Moreover, the other prior bad act evidence which was introduced at trial was properly admitted, as it was probative of the defendant's motive and intent, by showing that the shooting of the decedent was intentional rather than an accident or a matter of self defense.

People v. Jones, 734 N.Y.S.2d 846, 289 A.D.2d 257, 257-58 (2d Dep't 2001) (citations omitted). On February 1, 2002, the New York Court of Appeals denied Jones's application for leave to appeal. People v. Jones, 97 N.Y.2d 730, 767 N.E.2d 160, 740 N.Y.S.2d 703 (2002).

Jones filed the instant petition on April 2, 2003. On May 24, 2003, this Court granted his request for abeyance so that he might pursue additional state court remedies. Thereafter, on July 11, 2003, in Supreme Court, Jones moved, *pro se*, to vacate his judgment of conviction, pursuant to CPL § 440.10, contending that he was deprived of his constitutional right to be present at all material stages of his trial when (1) the trial court provided exhibits and

3

pencils to the jury without returning the jury to the courtroom and (2) his attorney agreed that the exhibits could be delivered to the jury without the court reconvening during a sidebar conference. Supreme Court denied the motion to vacate on September 18, 2003, holding the claims to be procedurally barred pursuant to CPL § 440.10(2)(c), because Jones had failed to raise them on direct appeal.

The abeyance here was lifted on August 19, 2004. Jones renewed his argument that he was deprived of a fair trial as a result of the trial court's Molineux ruling and the introduction of prior bad act evidence not specifically approved in limine. Jones also advanced the substance of his CPL § 440 motion, that he was deprived of his right to be present at all material stages of trial.

## DISCUSSION

*A. Standard of Review*

Under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214, 1219 (1996) ("AEDPA"), a writ of habeas corpus shall not issue with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication (1) was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court delineated an analytical framework to guide review of habeas claims with respect to each clause of AEDPA. As to the "contrary to" clause, a writ may issue if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id. at 412. As to

4

the "unreasonable application" clause, a writ may issue if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" inquiry, however, is limited, and a habeas court may only issue a writ where the state court's application of Supreme Court precedent was "objectively unreasonable." Id. at 409. "Some increment of incorrectness beyond error is required" for a decision to be considered objectively unreasonable, though the increment need not be great. See Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000).

*B. Evidentiary Claims*

Generally, federal courts cannot review challenges to a state court's evidentiary rulings. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); see also Roberts v. Scully, 875 F. Supp. 182, 189 (S.D.N.Y. 1993) ("[R]ulings by the state trial court on evidentiary questions are a matter of state law and pose no constitutional issue."), aff'd, 71 F.3d 406 (2d Cir. 1995). The trial court's pre-trial determination challenged here is an evidentiary ruling generally not open to habeas review. See Sierra v. Burge, No. 06-CV-14432, 2007 WL 4218926, at *5 (S.D.N.Y. Nov. 30, 2007) ("A decision to admit evidence of a criminal defendant's uncharged crimes or bad acts under Molineux constitutes an evidentiary ruling based on state law.").

It is well settled that federal courts reviewing evidentiary matters may issue a writ of habeas corpus only if the petitioner demonstrates that the alleged evidentiary error violated a constitutional right and that the error "was so extremely unfair that its admission violates

5

fundamental conceptions of justice." Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (quoting Dowling v. United States, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990)). A petitioner "bears a heavy burden because evidentiary errors generally do not rise to constitutional magnitude." Sierra, 2007 WL 4218926, at *5 (quoting Copes v. Shriver, No. 97-2284, 1997 WL 659096, at *3 (S.D.N.Y. Oct. 22, 1997)). "For an 'erroneous admission of . . . unfairly prejudicial evidence to amount to a denial of due process, the item must have been sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" Id. (quoting Dunnigan, 137 F.3d at 125). Moreover, even if a petitioner can establish that there was an error of constitutional dimension, he will only be entitled to habeas relief if he can establish that the error "had a 'substantial and injurious effect or influence in determining the jury's verdict.'" Id. at *6 (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)).

Here, the precise contours of the trial court's in limine ruling are not well-defined. But it is clear, however, what the court admitted at trial and what Jones now challenges: evidence of his harassment, abuse, and threats to kill Roach and her family in the months prior to the murder, as well as the prosecutor's elicitation of testimony regarding a telephone conversation between Roach's family and Jones, which, according to Jones, was outside the scope of the Molineux ruling. Accepting for purposes of argument Jones's characterization of this evidence, the Court finds that the state trial court did not commit any error of constitutional dimension. Under New York law, evidence of prior bad acts is admissible to "prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person

6

charged with the commission of the crime on trial." Molineux, 168 N.Y. at 293. The prior bad acts now in issue (*i.e.*, Jones's abuse of Roach and threats to kill Roach and her family in the months preceding the murder), of which only three were introduced at trial, were (a) all relevant to Jones's intent and motive to kill Roach, (b) provided background information to enable the jury to comprehend the alleged crimes, and (c) countered Jones's contentions that he acted unintentionally or in self-defense.

To underscore, even assuming *arguendo* that the trial court did commit state law error in admitting the challenged prior bad act evidence, Jones still would not be entitled to habeas relief because any such error did not escalate to the level of constitutional violation and did not have a "substantial and injurious effect or influence in determining the jury's verdict." See Brecht, 507 U.S. at 623. To the extent there was any error at the trial court, it was clearly harmless because there was other, extensive evidence of Jones's guilt. The evidence before the jury included: (a) testimony from two police officers who saw hands pressed against Jones's apartment window as if attempting "to open the window to get out," shortly followed by the sound of six to eight gunshots; (b) testimony from the police officers on the scene and a paramedic that Roach's dying declaration identified Jones as the shooter; and (c) testimony from the officers that Jones lied about his identity, before ultimately admitting that he was "Reggie," and that he "did it." Accordingly, given the abundance of inculpatory evidence presented here, including statements from Jones himself, any potential harm caused by the introduction of any or all of the prior bad acts challenged by Jones was not "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." See Dunnigan, 137 F.3d at 125 (denying habeas relief as evidentiary errors did not render the trial fundamentally unfair).

Moreover, the prior bad act evidence ultimately put before the jury would have been admissible under the Federal Rules of Evidence, which "further suggests that the introduction of the evidence did not violate petitioner's due process rights." Rodriguez v. Superintendent, Collins Corr. Facility, 549 F. Supp. 2d 226, 245 (N.D.N.Y. 2008) (quoting Toland v. Walsh, No. 2-cv-0399, 2008 WL 820184, at *12-13 (N.D.N.Y. March 26, 2008)). All taken together, petitioner's challenge to Supreme Court's admission of the Molineux evidence offers no basis for the issuance of the writ.

*C. Right-to-be-Present Claim*

Jones contends that he was deprived of his constitutional right to be present at all material stages of trial because the trial court supplied the deliberating jury with requested exhibits and pencils in his absence. The claim is, however, procedurally barred from habeas review.

Because a "right to be present" claim is based on facts occurring at trial, Jones could have, but did not, raise the claim on direct appeal. Instead, Jones raised his claim in a C.P.L. §440.10 motion to vacate the judgment of conviction, after his direct appeal had concluded. Supreme Court denied that motion pursuant to C.P.L. § 440.10(2)(c), which provides that a motion to vacate a judgment must be denied when, "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period . . . ." N.Y. Crim. Proc. Law § 440.10(2)(c). Simply put, the failure to raise the claim on direct appeal was procedurally fatal to state post-conviction review.

8

It is well established that a district court considering a habeas petition may not review a claim if the last state court to consider the claim "clearly and expressly rel[ied] on an independent and adequate state ground" to deny relief, such as a procedural bar. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) ("The [independent and adequate state law] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds."); see also Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999). In order to ascertain whether the decision of a state court relies on an "independent" state law, "such reliance on state law must be clear from the face of the opinion." Williams v. Goord, 277 F. Supp. 2d 309, 318 (S.D.N.Y. 2003) (quoting Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 1999)). For a state court decision to be "adequate," it "must be based on a rule that is 'firmly established and regularly followed' by the state in question." Id. The procedural default which results from the denial of a motion to vacate for failure to raise a claim on direct appeal "represents the application of a 'firmly established and regularly followed' New York rule." Id. at 318-19 (quoting Arce v. Smith, 889 F.2d 1271, 1273 (2d Cir. 1989)). Supreme Court explicitly relied on that state law when it denied Jones's motion to vacate: "Defendant's motion to vacate his judgment of conviction is denied pursuant to CPL section 440.10(2)(c)." Memorandum and Order, Indictment No. 12587/97, Nov. 10, 2003. As a general rule, Jones's failure to raise this claim on direct appeal would not only be fatal to state post-conviction relief but also fatal to this Court's habeas review as well. See Williams, 277 F. Supp. 2d at 318.

A district court may, however, consider a prisoner's claim where there has been a procedural default in state court if "the prisoner can demonstrate cause for the default and actual

9

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Neither exception applies here. First, by simply stating in his petition that the right-to-be-present claim was not previously presented "because this violation was just discovered," Jones does not come close to demonstrating cause for his prior default. (Pet. ¶ 13.) Second, and more importantly, Jones has not identified any "fundamental miscarriage of justice" that would result from this Court's inability to review his claim. Courts will only find a fundamental miscarriage of justice "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To this end, a petitioner can establish actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotations omitted). Here, Jones has not even attempted to make the requisite showing of actual innocence. Further, as set forth above, there was overwhelming evidence before the trial court demonstrating his guilt. Because Jones makes no claim of innocence, no fundamental miscarriage of justice results from the procedural bar against his claim. Accordingly, the Court cannot and will not consider those claims first raised in Jones's motion to vacate his conviction.

In any event, even if Jones's right-to-be-present claim was not procedurally barred, federal habeas review still would not be available because the claim is unexhausted. See Williams, 277 F. Supp. 2d at 319 n.4. Pursuant to 28 U.S.C. § 2254(c), a petitioner must exhaust all available state remedies before a federal court may entertain his petition for habeas relief. See Picard v. Connor, 404 U.S. 270, 275 (1971). Here, Jones was entitled to petition the intermediate appellate court for leave to appeal the denial of his motion to vacate. N.Y. Crim.

Proc. Law § 450.15. There is no evidence before this Court that Jones did so. As such, he has not exhausted all possible state remedies, and this claim is barred from habeas review on this basis as well. See Sams v. Donelli, No. 07 Civ. 4600 (DLC), 2008 WL 2939526, at *3 (S.D.N.Y. July 28, 2008).

## **CONCLUSION**

For the foregoing reasons, Jones's application for a writ of habeas corpus is denied and his petition is dismissed. Since Jones has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying this petition would not be taken in good faith and therefore *in forma pauperis* status should be denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 2, 2008

_____
ERIC N. VITALIANO
United States District Judge